# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| WILLIAM SLATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| NOBILIS CREDIT MANAGEMENT LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, WILLIAM SLATON ("Plaintiff"), through his attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, NOBILIS CREDIT MANAGEMENT LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in City of Boaz, Marshall County, Alabama.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency headquartered in West Seneca, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff originating from Wachovia Bank.

19. Plaintiff does not owe the alleged debt.

20. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the last year, Defendant began calling Plaintiff on Plaintiff's cellular telephone at XXX-XXX-3367 in an attempt to collect a debt that does not belong to Plaintiff.

22. Defendant calls Plaintiff from 833-515-1691, which is one of Defendant's telephone numbers.

23. On or about October 28, 2021, Defendant called Plaintiff's nephew. Plaintiff's nephew answered Defendant's call and spoke with one of Defendant's collectors.

24. During the above-mentioned conversation:

    a. Defendant disclosed Plaintiff's alleged debt to Plaintiff's nephew.

    b. Defendant falsely represented that they were suing Plaintiff for the alleged debt.

    c. Defendant requested that Plaintiff call them back at 833-515-1691, which is one of Defendant's telephone numbers.

25. On or around November 1, 2021, Plaintiff called Defendant and spoke with one of Defendant's male collectors.

26. During the above-mentioned conversation:

    a. Plaintiff repeatedly disputed that the debt was his responsibility and stated that he had never done any business with Wachovia Bank.

    b. Defendant's male collector told him that he still owed the money.

    c. Defendant falsely represented that they were suing Plaintiff for the alleged debt.

27. Despite Plaintiff disputing the alleged debt, Defendant continued to place collection calls to Plaintiff's cellular telephone.

28. Specifically, Defendant placed a collection call to Plaintiff's cellular telephone on or about December 1, 2021.

29. Defendant employed the foregoing debt collection tactics in an attempt to instill fear in Plaintiff.

30. To date, Defendant has not taken legal action against Plaintiff.

31. Defendant never intended to take legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiffs repeat and re-allege paragraphs one (1) through thirty one (31) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer, when Defendant called Plaintiff's nephew and disclosed Plaintiff's alleged debt to him;

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant disclosed the debt to Plaintiff's nephew and claimed that Defendant was suing Plaintiff, when Defendant attempted to collect a debt that Plaintiff does not owe, when Defendant falsely

      claimed it was suing Plaintiff for a debt that he does not owe, and when Defendant continued to call Plaintiff after Plaintiff disputed owing the debt;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

    d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal status of any debt, when Defendant falsely represented to Plaintiff's nephew that they were suing Plaintiff, when Defendant falsely represented to Plaintiff that they were suing him, and when Defendant attempted to collect a debt that Plaintiff does not owe;

    e. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt that he does not owe.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, WILLIAM SLATON, respectfully requests judgment be entered against Defendant, NOBILIS CREDIT MANAGEMENT LLC, for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

38. Any other relief that this Honorable Court deems appropriate.

                                                   RESPECTFULLY SUBMITTED,

DATED: November 29, 2022      By: /s/M. Brandon Walker
                                                   M. Brandon Walker
                                                   Walker McMullan, Attorneys
                                                   242 West Valley Avenue, Suite 312
                                                   Birmingham, AL 35209
                                                   Tel: 205-417-2541
                                                   E-mail: brandon@walkermcmullan.com
                                                   Attorney for Plaintiff